PERROT (TABER v.). See Case No. 13,721.

## Case No. 10,998.

### In re PERRY.

[1 N. B. R. (1868) 220 (Quarto. 2); [1] 1 Am. Law T. Rep. Bankr. 4.]

District Court, N. D. New York.

BANKRUPTCY — CREDITORS OMITTED FROM SCHEDULES—NEW WARRANT—APPLICATION TO REMOVE ASSIGNEE—NOTICE.

1. A bankrupt omitted the names of certain creditors from his schedules, for the reason that he supposed the statute of limitations was a bar to the debts due these creditors. *Held*, that the debts in question should have been included in the schedules, and that those creditors were entitled to notices of the proceedings.

[Cited in Re Hertzog, Case No. 6,433.]

2. After the schedules are amended, a new warrant should issue, to be served on the creditors whose names have been introduced by the amendment.

[Cited in Re Heller, Case No. 6,339.]

3. The notices should contain the names of all the creditors; if these have been properly published under the original warrant, they need not be repeated.

4. When an assignee has been chosen by creditors under the first warrant, notice of the application to remove him should be given, so that all the creditors who have proved their debts may be heard in such application.

In bankruptcy.

HALL, District Judge. In this case of voluntary bankruptcy, the petition was filed on the 5th day of September last, and on the 10th day of September the petitioner was adjudged a bankrupt. The usual warrant was issued requiring notices of the first meeting of creditors, on the 28th day of that month, to be given by the marshal. On the 25th day of the same month, an affidavit was presented showing that the names of certain creditors had been, by mistake, omitted in making up the schedule annexed to the original petition, but that their names, residences, &c., had been furnished to the marshal, so that notice of such warrant and meeting would be served on them; and an application was made upon such affidavit for an order allowing the proper amendment of such schedule. The order allowing such amendment was made, and on the 28th September the register, upon the failure of the creditors to choose an assignee, appointed an assignee of the bankrupt. This appointment was approved by the judge, and the assignee has made and filed his report.

The bankrupt now presents an affidavit showing that the names, &c., of some twenty other creditors, to whom he was indebted in considerable sums, amounting in the aggregate to more than $200,000, were omitted from the schedules annexed to the original petition, by reason of the debtor's understanding, and belief, that the statute of limitations was a bar to the debts due to such creditors. The omission is satisfactorily ex-

[1] [Reprinted from 1 N. B. R. 220 (Quarto, 2), by permission.]

plained, and no doubt is entertained in regard to the propriety of allowing the proposed amendment. The debts, though perhaps barred by the statute of limitations of this state, might yet be enforced against the petitioner under the laws of another state, and they should have been embraced in the petitioner's schedule; and the parties, to whom those debts are due, are entitled to notice of the proceedings under the petition of the bankrupt. The only questions which require consideration are those relating to the practice which should be adopted in this and similar cases, in order to secure to the creditors whose debts were not embraced in the original schedule, the rights to which they are entitled under the bankrupt act, and, as these questions may frequently arise, it is deemed proper (although the application in this case is not opposed) to indicate what practice should be pursued in similar cases. Under the 26th section of the bankrupt act [of 1867 (14 Stat. 529)] and the 5th and 33d general orders, this application may be made to the register to whom the case stands referred; and such register may allow and act upon the amendment when applied for and made as provided for in general order No. 33.

The more difficult questions relate to the practice to be pursued after the amendments have been made. After the best consideration I have been able to give these questions, I am inclined to think that when the amendments have been made, the register should issue a new warrant, briefly reciting the proceedings, and commanding the marshal to serve upon the creditors whose names have been introduced by the amendments, proper notice of a meeting of the bankrupt's creditors, to prove their debts, and to choose an assignee or assignees of his estate—substantially in the form required by the original warrant. These notices should include the names and residences of all the creditors, with the amount of their debts, &c., as in the first notices, and should be served in the same manner, and the same length of time before the day of meeting, as would have been proper if their names had been included in the original warrant. The newspaper notices, if they have been properly given under the original warrant, need not be repeated, nor need the creditors on whom the former notices were served be served with new notices unless such creditors appeared at the meetings held under the prior notice or have proved their debts. At the meeting held under the notices required by the warrant issued upon these amendments, the creditors appearing may, if they choose, select an assignee, and may then apply to the district court to remove the assignee already appointed, and to appoint the person so chosen in his place. In a case where an assignee has been chosen by creditors under the first warrant, or where creditors not voting at the second meeting have proved their debts,

notice of the application to remove the assignee so chosen should be given to all creditors who have proved their debts, in order that they may be heard on such application.

The affidavit and proposed amendments will be returned to the petitioner, that he may make an application to the register to allow the amendments proposed.